# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 09-2922

————————

United States of America,

      Appellee,

v.

Jorge Luis Delao-Navarrete, also known as Jorge Luis Delao-Navarette, also known as Jorge Delao Navarette, also known as Jorge Luis De La O-Navarette,

      Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

————————

Submitted: February 8, 2010
Filed: February 19, 2010

————————

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

————————

PER CURIAM.

Jorge Luis Delao-Navarrete, a native and citizen of Mexico, appeals as unreasonable the district court's[1] imposition of a 33-month sentence after he pleaded

————————

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

guilty to one count of illegally reentering the United States after a previous removal. Delao-Navarrete was convicted of two drug offenses in 1996, a weapons offense in 1998, and eluding examination and inspection in 1998. Subsequent to each offense, Delao-Navarrete was ordered removed from the United States. Each time he returned to Mexico, only to illegally reenter the United States. In September 2008, Delao-Navarrete was arrested in Minnesota for giving a false name to a police officer. He was indicted for, and pleaded guilty to, illegal reentry after removal.

At sentencing, the district court calculated an advisory Guidelines sentencing range of 27 to 33 months. As part of that calculation, the district court applied a twelve-level specific offense characteristic enhancement because Delao-Navarrete previously had been convicted of a felony drug trafficking offense. See USSG § 2L1.2(b)(1)(B). The court sentenced Delao-Navarrete to 33 months of imprisonment. No claim is made that the advisory Guidelines range was incorrectly determined.

On appeal, Delao-Navarrete argues his sentence was unreasonable because the district court failed to consider the law-abiding life Delao-Navarrete led in the years just prior to his 2008 arrest and placed undue weight on his earlier criminal conduct. Upon careful review, we conclude that the within-Guidelines sentence is not unreasonable. See United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009) (within-Guidelines sentence presumed reasonable on appeal). "We presume that 'district judges know the law and understand their obligation to consider all of the § 3553(a) factors.'" United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir.) (quoting United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008)), cert. denied, 129 S. Ct. 2452 (2009). A mechanical recitation of the statutory factors is not necessary, and the application of the Guidelines to the facts of a given case does not always require a lengthy explanation. Id. In this case, the sentencing record indicates that the district court considered the presentence investigation report, and sentencing memoranda and oral argument of the parties. Delao-Navarrete's counsel highlighted his putative law-

abiding recent history. "Taken together then, the district court had significant exposure to the sentencing issues [Delao-Navarrete] claims it failed to adequately consider." Id. The district court considered Delao-Navarrete's recent history and obviously gave that factor relatively less weight than other factors. The district court was aware, from the presentence investigation report, that Delao-Navarrete was in the custody of the Bureau of Prisons for approximately 23 months following his 1998 arrest for eluding examination and inspection. He was not deterred by that punishment, but soon illegally reentered the United States. In these circumstances, we cannot say the district court placed undue weight on Delao-Navarrete's criminal history or on the specific deterrence factor, nor can we hold that the sentence is substantively unreasonable. The district court did not abuse its wide discretion in sentencing Delao-Navarrete to a within-Guidelines term, see Gall v. United States, 552 U.S. 38, 41 (2007) (requiring "deferential abuse-of-discretion standard" of review).

The judgment of the district court is affirmed.

_____