# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 11-1852

———————

United States of America,       *
                              *

      Plaintiff - Appellee,      *

                                 *    Appeal from the United States

      v.                         *    District Court for the

                               *    District of Minnesota.

Darling Paulino-Duarte,     *

                               *

      Defendant - Appellant.    *

———————

Submitted:  December 12, 2011
Filed:  March 2, 2012

———————

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

———————

LOKEN, Circuit Judge.

Darling Paulino-Duarte, a citizen of the Dominican Republic, came to the United States in 1996, at age fifteen, with his mother and two siblings. His father remained in the Dominican Republic, and his siblings soon returned. But Paulino-Duarte embarked on a life of crime in this country, selling drugs on the streets of New York City. He was deported to the Dominican Republic in 1998, following four New York drug convictions, the last a felony conviction for the sale of crack cocaine. He illegally reentered and resumed drug trafficking. After two more New York drug convictions, he was convicted of illegal reentry, served 57 months in prison, and was again deported in 2004. He illegally returned to the United States in 2006, came to

Minnesota, and was convicted in February 2010 of fleeing the police officers he led on a 100 miles-per-hour car chase. Police found methamphetamine on the floor mat of his car. Those offenses led to this prosecution for illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2) and 6 U.S.C. §§ 202 and 557. Paulino-Duarte pleaded guilty and now appeals his 77-month prison sentence as substantively unreasonable. We affirm.

In a pre-sentencing Position with Regard to Sentencing, Paulino-Duarte urged the court to grant "downward departures" based on his cultural assimilation and Minnesota's lack of a "fast-track" sentencing program. See U.S.S.G. §§ 2L1.2 cmt. n.8 and 5K3.1. At sentencing, defense counsel argued that Paulino-Duarte grew up in poverty and has developed ties to the United States. Counsel emphasized that, after being deported to the Dominican Republic, Paulino-Duarte left in fear for his life because he was robbed of his motorcycle taxi and shot in the leg when he tried to recover it. Counsel rested on his pre-sentence Position paper "regarding fast-track disparity." The government urged a sentence within the advisory guidelines range, emphasizing Paulino-Duarte's extraordinary criminal history and noting that his primary reason for returning to the United States was economic, not cultural.

Without objection, the district court[1] determined that Paulino-Duarte's advisory guidelines sentencing range is 77 to 96 months in prison. This is a high range for an illegal reentry offense, resulting primarily from his eleven prior convictions, the majority being drug and domestic abuse offenses, in addition to his prior illegal reentry conviction. These offenses were assigned twenty-five criminal history points, almost twice the minimum number required for the Guidelines' highest criminal history category. See U.S.S.G. Ch. 5, Pt. A, Sentencing Table. After hearing arguments of counsel, the court gave a lengthy statement of its reasons for rejecting

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Paulino-Duarte's request for a 36-month sentence and imposing a sentence of 77 months in prison, the bottom of the advisory guidelines range:

> [M]y real concern with what you've said today about the . . . reasons for returning to the United States is undercut . . . by the kind of life that you've lived when you're within the United States. Because even knowing you were here illegally . . . you've committed a number of serious offenses. . . . So the argument of cultural assimilation . . . doesn't show up in your track record of what you've done when you've been in this country, and that's a real concern to me.

> \*     \*     \*     \*     \*

> I also have given thought to what it means . . . that the last time you were caught with exactly this same offense, that is, being illegally in this country after prior deportation, a judge in New York gave you a 57-month sentence. . . . [W]hen you re-offend doing exactly the same behavior . . . . it has to be a greater consequence than you faced for the same crime, exactly the same crime, in the not-so-distant past.

> I think under the circumstances it needs to be a guidelines sentence. . . . I think it can appropriately be at the bottom end of the guideline range, because I think that is sufficient without more than necessary to slow your criminal behavior and to be a consequence for your conduct. And even at the low end it does represent . . . a greater sentence than the 57 months that you received in the Federal District Court in New York.

On appeal, Paulino-Duarte argues the district court abused its discretion and imposed a substantively unreasonable sentence because, in denying him a downward variance, the court failed to give adequate weight to "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), in this case, the robbery and shooting that caused him to flee the Dominican Republic. Taking into account the totality of the sentencing circumstances, we disagree. A sentence within the advisory guidelines

range is presumptively reasonable on appeal. United States v. Eason, 643 F.3d 622, 626 (8th Cir. 2011), cert. denied, 2012 WL 33613 (Jan. 9, 2012). Given Paulino-Duarte's extensive criminal history and weak claim of cultural assimilation, this is hardly the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). The district court properly considered the inadequate deterrence provided by Paulino-Duarte's prior illegal reentry sentence. Indeed, given his life of crime in this country and his "contemptuous disregard for our immigration laws," an upward departure or variance would not have been unreasonable, as in United States v. Mejia-Perez, 635 F.3d 351, 353 (8th Cir. 2011).

After the case was submitted on the briefs, Paulino-Duarte submitted a letter urging that we remand for resentencing in light of our recent decision in United States v. Jimenez-Perez, 659 F.3d 704 (8th Cir. 2011), because the district court "did not articulate a basis for denying" his fast-track disparity motion. We decline to do so. In Jimenez-Perez, we held that, in considering whether to grant a downward variance from the advisory guidelines range based upon the sentencing factors in 18 U.S.C. § 3553(a), the absence of a fast-track program in the sentencing district "should not be *categorically excluded* as a sentencing consideration." Id. at 711 (quotation omitted). Here, Paulino-Duarte's pre-sentencing Position memorandum argued only for a downward departure on this ground. Lack of a fast-track program is not a basis for a departure under U.S.S.G. § 5K3.1. As Paulino-Duarte did not argue at sentencing for a downward *variance* on this ground, the district court committed no plain error in failing to comment *sua sponte* on that issue. Accord United States v. Chavez-Ramirez, 2012 WL 128581, at *2 (8th Cir. Jan. 18, 2012) (unpublished).

The judgment of the district court is affirmed.

_____