# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-3165

_____

United States of America

*Plaintiff - Appellee*

v.

Efrain Garcia Longarica

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 15, 2012
Filed: November 8, 2012

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

We consider again the discretion of a district court to vary downward from the advisory guidelines sentencing range because of the unavailability of a "Fast Track" departure in the district.

Efrain Garcia Longarica, a citizen of Mexico, unlawfully entered the United States in 1995, when he was 16 years old. After he was deported in 1998, he

unlawfully reentered and moved to Minnesota in 1999. In 2002, Longarica pleaded guilty to an aggravated drug felony. He was sentenced to 60 months in prison and deported in February 2007 after his release from prison. Longarica was arrested in April 2011 in Saint Paul during an investigation of a suspected heroin distribution network and admitted he had unlawfully reentered the United States in June 2009. Charged with unlawful reentry after removal following an aggravated felony conviction, he pleaded guilty in June 2011. See 8 U.S.C. § 1326(a) and (b)(2); 6 U.S.C. §§ 202 and 557.

At sentencing, after determining a total offense level of 21, the district court[1] overruled Longarica's objection to the PSR's recommendation of Criminal History Category III, resulting in an advisory guidelines sentencing range of 46 to 57 months in prison. Longarica moved for a downward departure to Criminal History Category II because Category III overstated his criminal history, which would reduce his advisory range to 41 to 51 months, and for a downward variance to 24 months because he had spent five months in a harsh county jail awaiting sentencing; his father had built a house in Mexico with money Longarica earned in the United States, and he intended to return there permanently with his wife and child; and his display of "true signs of reform." Defense counsel concluded:

> Even the government recognizes that he's shown true signs of reform. He came in here, he pled to an information, he didn't file any motions, he -- he immediately pled guilty and proceeded before this Court for sentencing. And I'm -- in any other district, that does fast track, that would be a four-level reduction, and so that is why, ultimately, based on all of that, the Court should impose a sentence of 24 months.

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The government agreed Longarica "has been a fully cooperative defendant and has been contrite in admitting his violation." Nevertheless, in light of his criminal history and the circumstances surrounding his arrest, the government urged a 46-month sentence, the bottom of the advisory range. The district court denied Longarica's motions and sentenced him to 46 months in prison, noting "that a consideration of section 3553(a) factors would lead the Court to -- to render the same sentence even if it had sustained defendant's [criminal history category] objection." Longarica appeals his sentence.

Two weeks after sentencing, we ruled that, in determining whether to grant a downward variance, "the absence of a Fast-Track program and the resulting difference in the guidelines range should not be *categorically excluded* as a sentencing consideration." United States v. Jimenez-Perez, 659 F.3d 704, 711 (8th Cir. 2011) (emphasis in original). We remanded for resentencing because the district court, feeling bound by our prior decisions, had ruled "that it lacked discretion to vary downward from Jimenez-Perez's advisory Guidelines range in light of Fast Track's unavailability in the Eastern District of Missouri." Id. Relying on Jimenez-Perez, Longarica argues that the district court committed procedural error in failing to recognize its authority to grant a downward variance because the "Fast-Track" downward departure authorized by U.S.S.G. § 5K3.1 was not available in the District of Minnesota.[2] We disagree.

---

[2]Section 5K3.1, adopted in 2003 to implement a directive of Congress in the PROTECT Act, provides: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

The United States Attorney's Office for the District of Minnesota announced it would implement a non-retroactive fast-track program on March 1, 2012. See United States v. Rascon-Olivas, No. 10-CR-0230(21), 2012 WL 695838, at *1 n.1 (D. Minn. Feb. 28, 2012).

Longarica's reliance on Jimenez-Perez is misplaced. In that case, we concluded only that the district court erred in declaring it lacked discretion to vary downward on this ground. The defendant in Jimenez-Perez had moved for a downward variance to avoid unwarranted sentencing disparities resulting from the lack of a Fast-Track program in his district. Here, as in United States v. Elodio-Benitez, 672 F.3d 584, 586 (8th Cir. 2012), Longarica did not move for a downward variance on this ground, "did not pursue the issue at sentencing, and the district court gave no hint that it misunderstood the extent of its sentencing discretion." Accord United States v. Paulino-Duarte, 670 F.3d 842, 844 (8th Cir. 2012).

Defense counsel's passing reference to a four-level departure that would be available in Fast-Track districts did not require the district court to acknowledge, *sua sponte*, that it would have discretion to take this factor into account in determining whether to grant Longarica's request for an even greater downward variance on other grounds.[3] Nor did this passing reference take into account that § 5K3.1 departures in Fast-Track districts must be made "upon motion by the government," a motion that is made only if the defendant meets eligibility and other requirements prescribed by the Attorney General. See Memorandum from the Deputy Attorney General for all United States Attorneys (Jan. 31, 2012), available at: http://www.justice.gov/dag/fast-track-program.pdf. In sum, the passing reference did not begin to fulfill the steps and preconditions for a sufficient showing of a disparity with similarly situated defendants in a Fast-Track district. Cf. United States v. Ramirez, 675 F.3d 634, 640-45 (7th Cir. 2011).

The judgment of the district court is affirmed.

_____

[3]A 4-level downward departure under § 5K3.1 would have placed Longarica at offense level 17 and Criminal History Category III, resulting in an advisory range of 30 to 37 months in prison. He urged a downward variance to 24 months.