# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3632
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Lee Gant

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 10, 2013
Filed: September 13, 2013
[Unpublished]

_____

Before LOKEN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Aaron Lee Gant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] imposed an 86-month sentence, varying downward from the advisory guidelines range of 92 to 115 months in prison.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Gant appeals arguing that the district court abused its discretion by imposing a substantively unreasonable sentence. We affirm.

Seven months after his release from a 78-month sentence, Gant was pulled over by St. Paul police. Ignoring an officer's command, Gant exited the vehicle and fled on foot. After a brief chase, officers apprehended Gant and seized a handgun he had ditched in a backyard while fleeing. He initially reported that he was holding the handgun as collateral for a loan. He later explained that he acquired the weapon to defend his home and family following an armed robbery of his fiancée.

At sentencing, neither party objected to the guidelines range. The government urged a 102- to 120-month sentence based on Gant's reckless flight, his lack of candor regarding why he acquired the gun, his long criminal history, and his recent release from prison. Gant requested a sentence of 48 months, citing childhood abuse and neglect, positive contributions to his community and family, possession of the firearm to protect his family, and lack of a violent criminal history. Gant conceded he had 47 criminal history points but argued that many resulted from non-serious traffic offenses.

The district court acknowledged that 47 criminal history points may exaggerate Gant's dangerousness but noted he would be in Criminal History Category VI even if traffic offenses were entirely excluded. The court explained it would grant a downward variance because of Gant's commitment to his family and contributions to his local community, but stated that the sentence imposed should be more severe than Gant's most recent prior sentence:

> People don't learn if you just keep putting your hand on the burner and you get the same result. You got to have a graduated sanction. The last sentence you had was 78 months and you were out of prison less than

seven months before you pick up the crime, and that's a really bad sign in terms of whether you are likely to be back in court again.

* * * * *

[The sentence] is a six-month reduction below the low end of the guidelines . . . . I think there are some mitigating circumstances, but it needs to be a lengthy sentence [to make] the point that you can't ever have a gun again in any way.

On appeal, Gant argues the district court abused its discretion because an 86-month sentence overweighted his criminal history, underweighted mitigating factors, and inappropriately set a sentencing "floor" based on the length of his most recent sentence. In reviewing substantive reasonableness, we grant district courts wide latitude, setting aside the sentence only in the "unusual" case. United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc). Here, the district court explained how each of Gant's mitigation arguments affected its assessment of an appropriate sentence and justified a six-month downward variance. When the district court varies below the bottom of the guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). A district court in its sentencing discretion may impose a graduated, more severe punishment when a prior sentence has provided "inadequate deterrence." United States v. Paulino-Duarte, 670 F.3d 842, 844 (8th Cir. 2012). Here, there was only seven months between Gant's release from prison and the instant offense. The district court did not abuse its discretion by imposing a substantively unreasonable sentence.

The judgment of the district court is affirmed.

_____