# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3480

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Martin Holub

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 12, 2014
Filed: July 16, 2014
[Unpublished]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eric Martin Holub appeals the sentence he received after he pleaded guilty to failing to pay to the IRS taxes he withheld on behalf of employees in violation of 26

U.S.C. § 7202. The district court[1] imposed a within-Guidelines sentence of 30 months' imprisonment. On appeal, Holub claims the sentence is substantively unreasonable. We affirm.

I.

In 2003, Holub started his own business, Professional Protective Services (PPS). Holub served as the company's President and Treasurer, and as such, he was responsible for managing the payroll for PPS's employees. This included withholding taxes from employee paychecks, filing tax documents, and making payments to the Internal Revenue Service (IRS). From 2008 to 2011, Holub failed to make necessary tax payments to the IRS, despite the fact that he had withheld this money from PPS employees. In total, Holub failed to pay $438,426.17 in taxes to the IRS.

During Holub's sentencing hearing, the government recommend a within-Guidelines sentence, which was 24–30 months. Holub requested a downward variance. The district court sentenced Holub to 30 months' imprisonment. Holub appeals, arguing that the sentence imposed was substantively unreasonable because the district court failed to properly weigh the factors under 18 U.S.C. § 3553(a).

II.

On appeal, our review of the substantive reasonableness of a sentence "is narrow and deferential. . . . [I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation marks omitted). We review the substantive

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (internal quotation marks omitted).

After careful review, we conclude that the district court properly weighed the appropriate sentencing factors under § 3553(a). The district court discussed the nature and circumstances of the offense, such as the fact that Holub was paying himself "quite a good salary" during the time that he failed to make tax payments to the IRS. The district court also pointed out that Holub spent significant money on personal expenses, such as football tickets and gambling. The district court also expressed concern with the history and characteristics of the defendant, including the fact that Holub had a previous conviction for fraud. As a mitigating factor, the district court also mentioned that Holub was married and had six children, including four adopted children. After weighing the § 3553(a) factors, the district court concluded that there were "more aggravating factors than there are mitigating factors" and declined to vary downward. We are satisfied that the district court appropriately weighed the sentencing factors and did not abuse its discretion by imposing a within-Guidelines sentence. See United States v. Richart, 662 F.3d 1037, 1049 (8th Cir. 2011); see also United States v. Paulino-Duarte, 670 F.3d 842, 844 (8th Cir. 2012) ("A sentence within the advisory guidelines range is presumptively reasonable on appeal.").

## III.

The district court properly weighed Holub's § 3553(a) factors and sentenced him within a range prescribed by the Guidelines. We conclude that the sentence imposed was not substantively unreasonable. Accordingly, we affirm.

_____