# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2666
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Luis Ruiz-Salazar

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 9, 2015
Filed: May 18, 2015
[Published]
_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Jose Ruiz-Salazar appeals the district court's[1] sentence of 70 months' imprisonment for his illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). We affirm.

## I. *Background*

Ruiz-Salazar was convicted in Missouri state court of possessing and trafficking a controlled substance. He was thereafter deported to Mexico. Notwithstanding his deportation, Ruiz-Salazar subsequently returned to Missouri. After learning that Ruiz-Salazar had reentered the United States, the United States charged him with illegal reentry following a deportation and conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Ruiz-Salazar pleaded guilty to the offense.

The Guidelines range for his offense was 70 to 87 months' imprisonment. At his sentencing hearing, Ruiz-Salazar did not object to the calculated Guidelines range; however, his counsel recommended that the district court grant a downward variance to 36 months' imprisonment. His counsel argued that the downward variance was appropriate largely because Ruiz-Salazar "supported his family," would "have to start his life over after being deported," and was unable to participate in a "Fast-Track" program.[2] The court considered his counsel's arguments, as well as all other relevant sentencing factors, including the nature of the offense and Ruiz-Salazar's background. In particular, the court noted Ruiz-Salazar's lengthy criminal history and multiple convictions for drug-related offenses. After weighing the relevant

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]The "Fast-Track" program generally allows defendants in certain districts to participate in an early case disposition program in exchange for a potential four-level reduction in their Guidelines range. *See* U.S.S.G. § 5K3.1; *United States v. Jimenez-Perez*, 659 F.3d 704, 706–07 (8th Cir. 2011).

considerations, the court sentenced Ruiz-Salazar to 70 months' imprisonment—the bottom of the Guidelines range.

## II. *Discussion*

On appeal, Ruiz-Salazar contends that the district court "erred by imposing an unreasonable sentence that failed to address the sentencing factors in 18 U.S.C. § 3553(a)." He also asserts that the court failed to address, among other things, "the numerous positive aspects of Mr. Ruiz-Salazar's life," the difficulty of "start[ing] his life anew in [Mexico]," and his lack of access to the "Fast-Track" program. "We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." *United States v. Battle*, 774 F.3d 504, 517 (8th Cir. 2014) (quotation omitted). "'A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Maid*, 772 F.3d 1118, 1121 (8th Cir. 2014) (quoting *United States v. Robison*, 759 F.3d 947, 950–51 (8th Cir. 2014)). A sentence within the Guidelines range "is presumed to be substantively reasonable." *Id.* (citing *Robison*, 759 F.3d at 950). Ruiz-Salazar raises a claim of procedural error for the first time on appeal, so we review that contention under the plain-error standard. *United States v. San-Miguel*, 634 F.3d 471, 474–75 (8th Cir. 2011).

Ruiz-Salazar provides neither controlling precedent nor persuasive argument showing that the district court failed to consider any requisite sentencing factor. To the contrary, the court expressly advised him that it considered all of the § 3553(a) factors, including the "nature and circumstances of this offense, the history and characteristics of this defendant, the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence of criminal conduct, and to protect the public from further crimes of this defendant." The court's choice to not robotically recite every other consideration

enumerated under § 3553(a) does not amount to reversible error. *See United States v. Nissen*, 666 F.3d 486, 491 (8th Cir. 2012) ("'[T]here is no requirement that the district court recite every § 3553(a) factor' during sentencing." (quoting *United States v. Mees*, 640 F.3d 849, 855 (8th Cir. 2011))); *United States v. Blackmon*, 662 F.3d 981, 988 (8th Cir. 2011) ("[D]istrict courts are not required to make 'robotic incantations that each statutory factor has been considered.'" (quoting *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005))). Similarly, the court was not required to robotically recite every other sentencing-related argument that Ruiz-Salazar raised, including his arguments about his alleged lack of access to a Fast-Track program. *See United States v. Longarica*, 699 F.3d 1010, 1012 (8th Cir. 2012) (holding that a defendant's arguments about his lack of access to a Fast-Track program "did not require the district court to acknowledge, *sua sponte*, that it would have discretion to take this factor into account" in deciding whether to vary a sentence downward); *United States v. Straw*, 616 F.3d 737, 743 (8th Cir. 2010) ("The district court is not required to address on record every . . . argument set forth by a defendant.").

Ruiz-Salazar's argument that the court improperly weighed the sentencing factors that it considered also fails. Ruiz-Salazar disagrees with the court's balancing of the relevant considerations but does not show that the court committed reversible error by exceeding its broad discretion. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (citing *Gall v. United States*, 552 U.S. 38, 50–51 (2007))); *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("'[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008))).

-4-

After having thoroughly reviewed the record in this case, we hold that Ruiz-Salazar's bottom-of-the-range sentence was neither procedurally nor substantively unreasonable.

### III. *Conclusion*

Accordingly, we affirm the district court's sentencing decision.

_____