# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3072
_____

United States of America,

*Plaintiff - Appellee,*

v.

Armando Lopez-Hernandez,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: May 31, 2016
Filed: August 9, 2016
[Unpublished]
_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Armando Lopez-Hernandez pleaded guilty to illegally reentering the United States after a prior removal, in violation of 8 U.S.C. § 1326(a), (b)(2). The district

court[1] sentenced Lopez-Hernandez to 57 months' imprisonment. On appeal, Lopez-Hernandez challenges the substantive reasonableness of his sentence, and we affirm.

On August 15, 2014, Immigration and Customs Enforcement agents found Lopez-Hernandez at a detention center in Minneapolis, where he was in custody after an arrest for domestic assault. The agents determined that Lopez-Hernandez was a native and citizen of Mexico and that he had no lawful status in the United States. Lopez-Hernandez ultimately pleaded guilty to the illegal reentry charge pursuant to a plea agreement in which he stipulated that the applicable advisory sentencing range was 57 to 71 months in prison.

At sentencing, Lopez-Hernandez asserted that he reentered illegally because his daughter was in a serious accident, argued that his reason for reentering was a mitigating circumstance, and requested a sentence of 36 months' imprisonment. The district court was not persuaded and imposed a term of 57 months, at the bottom of the advisory range.

On appeal, Lopez-Hernandez argues that his sentence is greater than necessary because the court did not give sufficient weight to the reason for his reentry and the nonviolent nature of his offense. He asserts that the district court's silence on these points shows that the court did not adequately weigh his concerns. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we presume that a sentence imposed within the advisory guideline range is reasonable. *United States v. Paulino-Duarte*, 670 F.3d 842, 844 (8th Cir. 2012); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The district court's selection of a term of 57 months' imprisonment was not unreasonable. The court heard and considered Lopez-Hernandez's statement that he entered the United States illegally in 2014 because of his injured daughter. *See United States v. Keating*, 579 F.3d 891, 893-94 (8th Cir. 2009). But while Lopez-Hernandez cited his daughter's severe injuries from an accident as his reason for reentry, he admitted that he remained in the United States even after his daughter was released from the hospital and her condition improved. Indeed, Lopez-Hernandez acknowledged that he moved from Washington State, where his daughter was hospitalized, to Minnesota and obtained a job there after she recovered. Likewise, although Lopez-Hernandez's crime was nonviolent, his criminal history showed that he had been previously deported three times and committed the same offense of illegal reentry once before.

The district court has wide discretion in weighing the 18 U.S.C. § 3553(a) factors and may assign some factors greater weight than others in imposing an appropriate sentence. *See United States v. San-Miguel*, 634 F.3d 471, 476 (8th Cir. 2011). And the district court is not required to provide a "mechanical recitation" of the § 3553(a) factors, so long as it actually considered them. *United States v. Walking Eagle*, 553 F.3d 654, 659 (8th Cir. 2009). In view of Lopez-Hernandez's offense conduct and history, we see no abuse of discretion in the court's decision to sentence him at the bottom of the advisory range.

The judgment of the district court is affirmed.

_____