# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3352
_____

United States of America

*Plaintiff - Appellee*

v.

Steve Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 14, 2020
Filed: May 20, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Steve Williams pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 70 months' imprisonment. In calculating Williams's base offense level and criminal history category under the U.S. Sentencing Guidelines (Guidelines or U.S.S.G.) the district

court[1] included a conviction that occurred in 1999, when Williams was seventeen years old.

We reject Williams's argument that the district court plainly erred in doing so. See United States v. Ruiz-Salazar, 785 F.3d 1270, 1272 (8th Cir. 2015) (per curiam) (standard of review). Because Williams was "convicted as an adult and received a sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.2(d)(1), the district court properly included his 1999 conviction in the calculation of his criminal history score, see United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (district court properly assessed seven criminal history points to defendant for offenses defendant committed prior to age 18). The district court also properly considered the 1999 conviction as a felony conviction in determining Williams's base offense level. See U.S.S.G. § 2K2.1(a)(2), cmt. n.10 (instructing courts to "use only those felony convictions that receive criminal history points").

Williams argues that the district court failed to consider the unwarranted sentencing disparities caused by scoring his 1999 conviction. He contends that had he been convicted in a different jurisdiction, he would have been treated as a juvenile and the 1999 conviction would not have been included in his Guidelines calculation. He did not make this argument below, however, and there is no indication that the district court was unaware of its discretion to vary from the Guidelines range based on a policy disagreement. See United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008). In any event, the Guidelines address Williams's contention. See U.S.S.G. § 4A1.2, cmt. n.7; see also United States v. McKissick, 204 F.3d 1282, 1301 (10th Cir. 2000) (rejecting appellant's argument that relying on states' juvenile conviction classifications results in sentencing disparities).

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

The judgment is affirmed.

_____