# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1087
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus T. Taylor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: December 14, 2020
Filed: March 3, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

Defendant Marcus T. Taylor pleaded guilty to six drug trafficking offenses and two firearm offenses. The district court[1] sentenced him to 292 months' imprisonment, a sentence at the bottom of the United States Sentencing Guidelines advisory range. Reviewing for procedural error applying the plain error standard, and for substantive reasonableness applying the abuse-of-discretion standard, we affirm.

I.

After conducting a series of video-recorded controlled purchases of cocaine from Taylor using a confidential informant, officers in Missouri obtained a search warrant for Taylor's home. Immediately prior to executing the warrant, officers arranged an additional controlled buy at a location away from the home. At the buy, officers searched Taylor's car and found a small bag of cocaine and a scale. They did not arrest Taylor at the buy.

While executing the warrant at Taylor's home, officers searching Taylor's bedroom found a bag containing 24 grams of cocaine base, two digital scales, two boxes of plastic bags, $1,522 cash, and a box of baking soda. Officers also discovered a hidden compartment in the floor of Taylor's bedroom closet. The compartment contained over $143,000 cash in six plastic bags, 343 grams of powder cocaine, four handguns, four loaded magazines, and over 100 rounds of ammunition. Some of the cash had been used in one of the controlled buys. Finally, officers discovered another digital scale and a loaded semi-automatic rifle in a backyard shed.

Three months later, a grand jury returned an eight count indictment and a warrant issued. Nine months after the warrant issued, officers in Arkansas found Taylor in possession of a stolen semi-automatic pistol, arrested him, and returned him to Missouri. After a series of continuances and one substitution of counsel, Taylor's

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

case was scheduled for a jury trial. On the morning trial was to begin, Taylor pleaded guilty to: four counts of distributing of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)[2]; and one count of possessing a firearm as a felon and armed career criminal, 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Taylor made no objections to the Presentence Investigation Report (PSR), and the district court accepted its facts as uncontested. The PSR identified an advisory guidelines range of 292–365 months based on the career offender provisions of U.S.S.G. § 4B1.1. Given an otherwise extensive criminal history, this range overlapped with the range that would have applied even without application of the career offender provisions (248–295 months based on range of 188–235 months for the drug offenses and a mandatory consecutive 60 months for the § 924(c)(1)(A) firearm offense). The government recommended a sentence at the bottom of the advisory range, 292 months, emphasizing: the several firearms; the apparent scale of Taylor's drug operation based on the $144,000; and Taylor's extensive criminal history. Defense counsel requested a sentence below the advisory range, citing 18 U.S.C. § 3553(a) and directing the district court to a paragraph of the PSR discussing mitigating factors from Taylor's personal life, including his father's drug use and incarceration during Taylor's childhood as well as various health issues Taylor faces.

---

[2]Taylor's indictment charged the 18 U.S.C. § 924(c)(1)(A) count as possessing a firearm in furtherance of a drug trafficking crime and recited facts concerning the firearms found at his home during execution of the search warrant. The facts he admitted to at his change of plea hearing comport with the indictment. The district court's judgment, however, describes this count as possessing a firearm in furtherance of a crime of violence. Any scrivener's error in this regard is harmless as the statutory provision covers both descriptions, and the admitted facts support the conviction.

In imposing a sentence of 292 months pursuant to § 3553(a), the district court emphasized Taylor's criminal history and the scale of the immediate drug offenses based on the amount of cash seized.

Taylor did not appeal, but eight months later, he filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence, asserting that his attorney failed to file an appeal even though he asked her to do so. The district court held a hearing, received testimony from Taylor and the attorney, and authorized Taylor to file an untimely direct appeal of his sentence. In doing so, the district court noted skepticism as to Taylor's assertions but allowed the appeal "out of an abundance of caution."

II.

On appeal, Taylor argues the district court committed procedural error at sentencing by failing to adequately consider and explain application of the § 3553(a) factors. In particular, he argues the district court failed to consider the personal mitigating factors bearing upon Taylor's upbringing and mental and physical health. In addition, he argues the ultimate sentence imposed is substantively unreasonable.

Because Taylor did not assert procedural error below, we review only for plain error. See Puckett v. United States, 556 U.S. 129, 135 (2009) (plain error review permits relief if an error occurred below that was "not . . . intentionally relinquished or abandoned," was "clear or obvious" at the time it occurred, "affected the appellant's substantial rights," and was of such a nature that it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" (citation omitted)). Here, although the district court's discussion of the § 3553(a) factors was limited, we find no error. Defense counsel specifically addressed the issues Taylor now raises on appeal through reference to the relevant facts as set forth in the PSR. The court imposed sentence immediately after defense counsel brought these facts to the court's attention. The experienced district court judge in this case is well aware of the § 3553(a) factors. The choice to emphasize criminal history and the facts of the

offense in the face of counsel's mitigation argument does not demonstrate a failure to consider the mitigating factors. Further, the mitigating factors, as presented, are not so detailed, facially compelling, or unusual as to suggest Taylor has demonstrated prejudice. In any event, even if we were to find error and prejudice, nothing Taylor presents to our court suggests a failure to grant relief as to this issue would affect "the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993).

Regarding substantive reasonableness, the parties agree that abuse-of-discretion review applies. In conducting our review, we may apply a non-binding presumption of reasonableness to Taylor's within-range sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."); United States v. Farmer, 647 F.3d 1175, 1178 (8th Cir. 2011). "[T]he presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." Rita v. United States, 551 U.S. 338, 347 (2007) ("That double determination significantly increases the likelihood that the sentence is a reasonable one."). Here, we find none of Taylor's arguments sufficient to overcome the presumption. District courts enjoy "broad discretion" in applying the sentencing factors. United States v. Ruiz-Salazar, 785 F.3d 1270, 1273 (8th Cir. 2015). Taylor's extensive criminal history, the scale of the enterprise as reflected in the amount of cash and number of guns in his home, and his continued use of firearms after leaving Missouri all demonstrate the reasonableness of the sentence imposed. The unfortunate mitigating factors he asserts are not so unusual or compelling as to demonstrate the district court abused its discretion by emphasizing other factors.

We affirm the judgment of the district court.

_____