# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2419
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Lee Schultz

*Defendant - Appellant*

_____

No. 20-2421
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Lee Schultz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Christopher Schultz pleaded guilty to three counts of armed bank robbery and two counts of bank robbery after robbing several banks over the course of about four months. *See* 18 U.S.C. § 2113(a), (d). By the time of sentencing, Schultz was forty-two years old and had a criminal history dating back twenty-one years. At sentencing, the district court calculated a criminal-history category of IV and a total offense level of 26, yielding an advisory sentencing guidelines range of 92 to 115 months' imprisonment. Finding a sentence within this range inadequate, the district court[1] varied upward and sentenced Schultz to 135 months' imprisonment on each count, to be served concurrently. Schultz appeals, arguing that his sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "In conducting this review, we are to take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*. (internal quotation marks omitted). "[W]e are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range." *Id*. "Instead, we may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 461-62 (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id*. at 464.

Schultz argues that the district court abused its discretion in varying upward because its cited reasons had already been considered in determining Schultz's guidelines range. True, in deciding to vary upward, the district court considered the § 3553(a) factors and noted, among other things, the seriousness of Schultz's robbery offenses, the fear engendered in Schultz's victims, Schultz's criminal history, and the special need for adequate deterrence given that Schultz had a criminal history spanning twenty-one years. But even assuming that these factors already had been considered in the calculation of Schultz's guidelines range, they "can nevertheless form the basis of a variance." *See United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012). The district court thus did not abuse its discretion by considering these factors in deciding to vary upward.

Schultz also argues that the district court abused its discretion because it did not consider his drug addictions and mental health. Though a district court's failure "to consider a relevant [§ 3553(a)] factor that should have received significant weight" constitutes an abuse of discretion, *Feemster*, 572 F.3d at 461, this did not happen here. We assume a district court considered factors of which it was aware, such as those brought to its attention during sentencing, *see United States v. Keating*, 579 F.3d 891, 893-94 (8th Cir. 2009), and we do not require a district court to mention specifically every factor it considered. *See United States v. Diaz-Pellegaud*, 666 F.3d 492, 504 (8th Cir. 2012). Here, Schultz himself mentioned his drug addiction during his sentencing hearing, and the district court said it reviewed the Presentence Investigation Report in its entirety, which discussed Schultz's mental-health history. *See United States v. Delao-Navarrete*, 365 F. App'x 731, 732 (8th Cir. 2010) (per curiam) (noting that the district court considered certain facts because the Presentence Investigation Report, which the district court had reviewed, included them). Thus, we assume that the district court considered Schultz's drug addictions and mental health in determining his sentence, meaning it did not abuse its discretion by failing to consider them.

Finally, Schultz argues that the district court abused its discretion because the drug-addiction and mental-health mitigating factors he identifies merited a lower sentence. Though a district court abuses its discretion if it commits a "clear error of judgment" in weighing the appropriate factors, *Feemster*, 572 F.3d at 461, we see no clear error of judgment here. The district court reasonably concluded that the various aggravating factors noted above outweighed these mitigating factors. While Schultz "disagrees with the court's balancing of the relevant considerations," he has not shown that the court abused "its broad discretion" in weighing the appropriate factors. *See United States v. Ruiz-Salazar*, 785 F.3d 1270, 1273 (8th Cir. 2015).

For the foregoing reasons, we affirm.

_____