# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2026
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Aswegan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: March 17, 2023
Filed: May 23, 2023
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jeremy Aswegan pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced him to 262 months' imprisonment. Aswegan appeals, challenging the applicability

---

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

of an importation Sentencing Guidelines enhancement and asserting the sentence imposed was substantively unreasonable. We affirm.

The district court calculated Aswegan's base offense level at 38. It adjusted upward the offense level by two levels for drug importation, U.S.S.G. § 2D1.1(b)(5), and another two levels for possession of a dangerous weapon, U.S.S.G. § 2D1.1(b)(1). It granted a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. With a total offense level of 39 and in criminal history category I, the advisory Sentencing Guidelines range was 262-327 months. The district court denied Aswegan's motion for a downward variance.

As to Aswegan's challenge to the Sentencing Guidelines calculation, a two-level enhancement under § 2D1.1(b)(5) applies if the offense involved the importation of methamphetamine. Because Aswegan did not object to the Sentencing Guidelines calculation below, we review for plain error. United States v. Harrell, 982 F.3d 1137, 1140 (8th Cir. 2020) (citation omitted). Law enforcement officers discovered that Daniel Manjarraz, a member of a drug trafficking organization based in Sinaloa, Mexico, was sending large shipments of methamphetamine to Sandra Deyerle, a local drug dealer in Iowa. Deyerle in turn distributed the methamphetamine to Aswegan and other street-level dealers. Communications in the record show that Deyerle and Manjarrez discussed directing "Jeremy" to send money to Culiacan, Sinaloa. Aswegan sent money orders consistent with these communications. When coupled with the size of the money orders (each were $950, a sum used by drug dealers to reduce suspicion) and the characteristics of the methamphetamine, which pointed towards manufacture in Mexico, the district court's factual findings are more than ample to support the importation enhancement. The district court committed no error, plain or otherwise, when it applied an importation enhancement under U.S.S.G. § 2D1.1(b)(5).

Aswegan contends his lack of criminal history, age, medical condition, and the nature and circumstances of the offense warrant a lower sentence. We review Aswegan's substantive reasonableness challenge to his sentence under a deferential

abuse of discretion standard.  See United States v. Gifford, 991 F.3d 944, 946 (8th Cir. 2021) (per curiam) (citation omitted).  A sentence within the Sentencing Guidelines range "is presumed to be substantively reasonable."  United States v. Maid, 772 F.3d 1118, 1121 (8th Cir. 2014) (citation omitted).

The record reflects that the district court considered the relevant factors under 18 U.S.C. § 3553(a), including the large-scale nature of the drug conspiracy, Aswegan's role in the conspiracy, and Aswegan's history and characteristics such as his upbringing, education, medical issues, age, and limited and dated criminal record.  After weighing the factors, the district court imposed a sentence at the low end of the calculated Guidelines range.  Aswegan's disagreement with the court's balancing of the relevant considerations is insufficient to establish an abuse of the court's wide sentencing discretion.  See United States v. Ruiz-Salazar, 785 F.3d 1270, 1273 (8th Cir. 2015) (per curiam) (citations omitted).

Because Aswegan's sentence was not premised on an improper Sentencing Guidelines calculation and is not substantively unreasonable, we affirm the judgment of the district court.

_____