# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1044

_____

United States of America,

        Plaintiff – Appellee,

v.

Daine Joseph Adam Linderman,

        Defendant – Appellant.

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted: October 23, 2009
Filed: November 30, 2009

_____

Before LOKEN, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Daine Linderman pled guilty to attempted carjacking in violation of 18 U.S.C. § 2119, use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Linderman to 282 months imprisonment, at the top of his advisory range under the United States Sentencing Guidelines. Linderman appeals, arguing that the district court abused its discretion by

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

inadequately considering his personal history and characteristics and by imposing a substantively unreasonable sentence.  We affirm.

I.

On August 24, 2007 police officers went to Daine Linderman's residence in Hudson, Wisconsin to arrest him on a warrant for fleeing a police officer.[2]  As the officers cleared the apartment building, Linderman mixed and ingested a cocktail containing as many as 200 ecstasy pills and several grams of methamphetamine.  He was able to escape the apartment building, reach his car outside, and then speed away in a hail of gunfire.  Linderman sustained gunshot wounds in his abdomen and leg before fleeing across the St. Croix River into Minnesota, where he crashed his car near the Bungalow Inn in Lakeland.  Then he proceeded on foot into the surrounding neighborhood armed with a .223 caliber rifle and a .45 caliber semi-automatic handgun.

Linderman entered a nearby home where he was met by a husband and wife whose two children were sleeping upstairs.  Aware that he needed immediate medical attention, Linderman pointed the rifle at the inhabitants and demanded they drive him to a hospital.  He led them at gunpoint to the garage, but the husband was able to swat the rifle out of Linderman's hands before he could force them into the car.  As the two wrestled, Linderman grabbed the handgun which had been concealed in his waistband and shot the husband in the upper buttocks. Despite his injuries, the husband was able to subdue Linderman until the police arrived.

---

[2]Linderman disputes some of the facts surrounding the events in Wisconsin because they are the subject of an independent prosecution there.  At the parties' joint request, the district court stated it would not rely upon the Wisconsin events in making its sentencing determinations, but would retain them in the presentence investigation report as background information.  Accordingly, they are recounted here as background only and are limited to those facts discussed in Linderman's brief.

As a result of the events in Minnesota, Linderman was indicted for attempted carjacking in violation of 18 U.S.C. § 2119, use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  He pled guilty to each offense.  The district court calculated the advisory sentencing guideline range to be 250 to 282 months.  That was based on Linderman's offense level of 27 and criminal history category VI, plus a 120 month mandatory consecutive term for his conviction for using a firearm in a crime of violence.  Neither party objected to the guideline calculations.

Linderman requested a sentence of 240 months imprisonment, citing as mitigating factors his personal history and characteristics.  After hearing arguments from both parties and Linderman's allocution, the district court observed,

> The facts surrounding your criminal behavior just cry out for punishment. . . . [Your attorney] has done a wonderful job of explaining who you are, and you're articulate in your explanations of what you did and what remorse that you may have.  This is one of the few times I can say that the sentence I'm going to give you is a sentence that is not long enough.  I don't think you should see the light of day, and I don't say that very often.  [It is] [v]ery fortunate no one got killed in this crime spree.

The district court then imposed a 282 month prison sentence, at the top of the advisory guideline range.  Linderman's appeal followed.

## II.

We review the sentence imposed by the district court under a deferential abuse of discretion standard.  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  We must first determine whether the district court committed a significant procedural error, such as "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'"  Id. (quoting Gall v. United States,

128 S. Ct. 586, 597–98 (2007)).  The district court also abuses its discretion under § 3553(a) when it "fails to consider a relevant factor that should have received significant weight[,] . . . gives significant weight to an improper or irrelevant factor[,] or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  Id.

Because Linderman failed to raise his procedural objections at the sentencing hearing, our review is for plain error.  Fed. R. Crim. P. 52(b).  The sentence imposed by the district court may be reversed only if Linderman shows that the court committed error that was plain, that affected his substantial rights, and that "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (quoting United States v. Johnson, 520 U.S. 461, 467 (1997)).  Moreover, we will not conclude that Linderman's substantial rights were affected unless "[he] show[s] a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence."  Id. at 552.

Linderman first alleges that the district court gave inadequate consideration to the allegedly mitigating facets of his personal history and characteristics.  He stresses that at a young age he had to deliver drugs for his mother who later abandoned him to be raised in group homes and foster care and that he had led a law abiding life for a period of over a year beginning in November 2005 (when he was released from an 18 month prison term for second degree assault with a dangerous weapon).  Despite Linderman's allegation that this information was "ignored," the district court clearly considered it.  It adopted the findings in the presentence investigation report, which discussed that information at length.  It also heard extensive argument on this specific point from Linderman's attorney, whom it complimented for doing a "wonderful" job of conveying Linderman's history and characteristics.  In its statement of reasons, the district court stated expressly that it had considered Linderman's history and characteristics but that it had concluded that a sentence at the top of his guideline

range was nevertheless necessary given his history of violent offenses and the "outrageousness of his current offense."

On this record, we cannot conclude that the district court plainly erred since it was "clear from the record that [it had] actually considered the § 3553(a) factors in determining the sentence." United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009) (internal quotation marks and citation omitted). Moreover, the district court stated expressly that the sentence imposed was "not long enough." Thus, Linderman has failed to establish a reasonable probability that he would have received a more favorable sentence had the district court been more impressed with the putatively mitigating facets of his history and characteristics. See Pirani, 406 F.3d at 550–52.

Linderman next argues that the district court procedurally erred by basing its sentencing decision on its disappointment that he had not qualified for an armed career criminal sentencing enhancement under U.S.S.G. § 4B1.4. The district court stated that "things fell [Linderman's] way" and that "had [he] been considered an armed career criminal, [his] sentence would have been much higher." Yet those statements alone do not warrant the conclusion that the district court was dissatisfied with Linderman's guideline range or that that was the basis for his sentence. Rather, in its statement of reasons, the district court expressly stated that the sentence was necessary to reflect the seriousness of the offense, to provide adequate deterrence to Linderman and others, and to protect the public from Linderman, who had a substantial criminal history that included other violent offenses. The district court did not commit error, plain or otherwise. See Pirani, 406 F.3d at 550.

Linderman's final procedural objection is to the district court's findings that he is a "dangerous and violent individual," that he was fortunate no one was killed during his "crime spree," and that he "should [not] see the light of day." The first two findings have ample support in the record, which details Linderman crashing and

abandoning his car, holding a family at gunpoint, and shooting an innocent victim. The third statement is a rational conclusion made by the district court after it had considered the § 3553(a) factors.

We must also determine whether the district court abused its discretion by imposing a sentence that is substantively unreasonable. See Feemster, 572 F.3d at 461 (citing Gall, 128 S. Ct. at 597). Linderman challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing purposes identified in § 3553(a). In contrast to his procedural objections, Linderman's failure to object at the sentencing hearing does not limit our review of the substantive reasonableness of the sentence to plain error. See United States v. Wiley, 509 F.3d 474, 477 (8th Cir. 2007). Rather, our review is for an abuse of discretion. Feemster, 572 F.3d at 461. A sentence falling within the applicable guideline range may be presumed to be substantively reasonable. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008) (citing Rita v. United States, 551 U.S. 338, 347 (2007)). As Linderman's sentence came within the applicable guideline range and is amply supported by the record, we conclude that the sentence is not substantively unreasonable and that the district court did not abuse its discretion.

III.

Accordingly, we affirm the judgment of the district court.

_____