# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2476

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Marcus Mister, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 21, 2010
Filed: February 3, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Marcus Mister pleaded guilty to distributing a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(C); and to aiding and abetting the distribution of 5 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B) & 2. The district court[1] determined that Mister was a career offender with an advisory Guidelines range of 188-235 months in prison, but sentenced him below the range to concurrent sentences of 144 months in prison and concurrent 3- and 4-year terms of supervised release. Counsel

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the following issues: (1) the sentence is too long; (2) Mister's two prior controlled-substance offenses should not have earned criminal history points or triggered career-offender status, because the court suspended sentence in each case; and (3) counsel was ineffective.

These arguments are unavailing. The unobjected-to criminal history score is not erroneous, plainly or otherwise: a conviction for which imposition or execution of sentence is totally suspended or stayed is counted as a prior sentence under U.S.S.G. § 4A1.1(c), and therefore the prior controlled-substance offenses earned criminal history points and also triggered career-offender status. See U.S.S.G. §§ 4A1.2(a)(3), 4B1.1(a)&(b), 4B1.2(c); United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009) (plain error review for unobjected-to procedural error).

We also conclude that the sentence is not substantively unreasonable, see United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009); and the ineffective-assistance argument is not properly before us in this direct criminal appeal, see United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007). Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____