# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2768

_____

United States of America,

                Appellee,

    v.

Ruben Sanchez-Espinoza, True
Name Ruben Sanchez Espinoza,

                Appellant.

\*
\*
\*
\*      Appeal from the United States
\*      District Court for the
\*      District of Minnesota.
\*
\*      [UNPUBLISHED]
\*
\*

_____

Submitted: February 8, 2010
Filed: February 19, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Ruben Sanchez Espinoza, a native and citizen of Mexico, appeals as unreasonable the district court's[1] imposition of a 41-month sentence after he pleaded guilty to one count of illegally reentering the United States after a previous removal. In July 2001, Sanchez Espinoza was convicted of criminal sexual conduct in the third degree, a felony under Minnesota law and a crime of violence under the United States Sentencing Guidelines. Sanchez Espinoza was ordered removed to Mexico. He

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

reentered the United States without authorization in 2003. In November 2008, Sanchez Espinoza was found in Minnesota. He was indicted for, and pleaded guilty to, illegal reentry after removal.

At sentencing, the district court calculated an advisory Guidelines sentencing range of 41 to 51 months. As part of that calculation, the district court applied a sixteen-level enhancement because Sanchez Espinoza previously had been convicted of a crime of violence. See USSG § 2L1.2(b)(1)(A). The court sentenced Sanchez Espinoza to 41 months of imprisonment.

On appeal, Sanchez Espinoza complains that the bottom-of-the-range 41-month sentence is more than necessary to accomplish the goals of the sentencing statute. He does not argue that the district court committed procedural error in calculating the advisory Guidelines sentencing range. Upon careful review, we conclude that the within-Guidelines sentence is not unreasonable. See United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009) (within-Guidelines sentence presumed reasonable on appeal). The district court explicitly stated its belief that a 41-month sentence was the minimum sentence necessary to accomplish the purposes of sentencing. In arriving at that conclusion, the district court properly considered the sentencing factors, see 18 U.S.C. § 3553(a), including the need to promote respect for the rule of law, to deter Sanchez Espinoza from illegally reentering the United States in the future, and to reflect the seriousness of the offense. The district court noted the seriousness of the offense supporting the sixteen-level specific offense characteristic enhancement. The district court viewed the Minnesota state court's minimal sentence for the criminal sexual conduct as akin to an invitation to Sanchez Espinoza to return to the United States. In contrast, the district court attempted to advance the deterrence goals called for by § 3553(a)(2)(B),(C). The district court did not abuse its wide discretion in sentencing Sanchez Espinoza. See Gall v. United States, 552 U.S. 38, 41 (2007) (requiring "deferential abuse-of-discretion standard" of review).

The judgment of the district court is affirmed.

_____