# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-2561

_____

United States of America,

        Appellee,

v.

Mohamed Essa,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: February 8, 2010
Filed: February 19, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Mohamed Essa appeals as unreasonable the district court's[1] imposition of a 44-month sentence after he pleaded guilty to one count of conspiring to commit healthcare fraud and one count of conspiring to launder money. Essa and his wife owned an interpreting business, and they submitted fraudulent claims for interpreting services purportedly provided to public assistance insureds who needed language assistance during health care visits. Essa's wife was convicted of all counts of the 46-count indictment following a trial, but Essa, who was in South Africa when the

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

indictment was returned, avoided trial by overstaying his visa. He was later caught as he attempted to enter Zimbabwe. Essa waived deportation proceedings, returned to the United States, and pleaded guilty to two of the charges in the indictment. At sentencing, the district court rejected an obstruction of justice enhancement, gave Essa an acceptance of responsibility downward adjustment, and calculated an advisory Guidelines sentencing range of 37 to 46 months, the range contemplated in the plea agreement. The court sentenced Essa to 44 months of imprisonment.

Upon careful review, we conclude that Essa's within-guidelines sentence is not unreasonable. See United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009) (within-guidelines sentence presumed reasonable on appeal). The district court properly considered the sentencing factors, see 18 U.S.C. § 3553(a), including Essa's wife's relatively higher culpability, for which she received a 72-month sentence, and the fact that Essa avoided arrest for a time by overstaying his visa in South Africa and not returning to the United States until caught by authorities, see USSG § 3C1.1, comment. (n.5(d)) (noting that avoiding or fleeing arrest ordinarily does not warrant an obstruction of justice enhancement "but may warrant a greater sentence within the otherwise applicable guideline range"). The calculation of Essa's advisory Guidelines range necessarily took into account Essa's lack of a prior record. See United States v. Sandoval-Rodriguez, 452 F.3d 984, 991 (8th Cir.) ("[Defendant's] minimal prior criminal history was taken into account in arriving at the appropriate advisory Guidelines range."), cert. denied, 549 U.S. 1040 (2006). Finally, we see no abuse in the district court's rejection of Essa's request for a variance based on his assistance to the Somalian community, where the court reasoned that Essa and his wife used those same people who needed interpretive services to perpetrate their fraud. The district court did not abuse its wide discretion in setting Essa's sentence, see Gall v. United States, 552 U.S. 38, 41 (2007) (requiring a "deferential abuse-of-discretion standard" of review).

The judgment of the district court is affirmed.

_____