# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3711

_____

United States of America,

        Appellee,

v.

Rogelio L. Valenzuela-Lopez,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 10, 2010
Filed: May 14, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rogelio Valenzuela-Lopez appeals the 108-month sentence imposed by the district court[1] after he pleaded guilty to possessing with intent to distribute fifty grams or more of methamphetamine (mixture) in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Valenzuela-Lopez contends the 108-month sentence is substantively unreasonable because the district court gave presumptive weight to the sentencing guidelines, failed to consider his role in the offense and criminal history, and imposed a sentence greater than necessary to achieve the sentencing goals under 18 U.S.C. § 3553(a).

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We conclude the district court did not abuse its discretion by imposing a 108-month sentence. Gall v. United States, 552 U.S. 38, 51 (2007) (setting forth the standard of review). On appeal, "A sentence falling within the applicable guideline range may be presumed to be substantively reasonable." United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009). In this case, Valenzuela-Lopez's sentence fell at the bottom of the advisory Guidelines range. The record shows the district court properly calculated the Guidelines range and took into consideration the sentencing factors under 18 U.S.C. § 3553(a) in fashioning its sentence. While Valenzuela-Lopez contends the district court should have imposed the sixty-month mandatory minimum sentence, the district court did not abuse its discretion by imposing a sentence within the Guidelines range rather than the lower mandatory minimum. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008). Valenzuela-Lopez's remaining arguments are without merit because the record shows the district court was aware of, and considered, his role in the offense, his criminal history, and the sentencing goals under the § 3553(a) factors.

Accordingly, we affirm the judgment of the district court.

_____