# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3626

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Saul

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 16, 2017
Filed: November 16, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Appellant Jeremy Saul pled guilty to one count of being a felon in possession
of a firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the
Northern District of Iowa.

Saul to 51 months imprisonment, on the low end of the applicable guideline range of 51 to 63 months. Saul appeals, arguing the district court erred by imposing firearms related guideline offense level enhancements under U.S.S.G. § 2K2.1(b)(4)(A) and (b)(6)(B), and abused its discretion by not granting his motion for downward variance and imposing a substantively unreasonable sentence. We affirm.

"We review a district court's interpretation and application of the guidelines de novo and its factual findings regarding enhancements for clear error." United States v. Aguilar, 512 F.3d 485, 487 (8th Cir. 2008). We review the reasonableness of the sentence for abuse of discretion. United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009). "A sentence falling within the applicable guideline range may be presumed to be substantively reasonable." Id. at 901. "A sentence is substantively unreasonable if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)).

First, Saul challenges the two level enhancement for possessing a stolen gun under § 2K2.1(b)(4)(A). At sentencing, Saul argued the government had not proven that he knew the gun was stolen so the court should decline to apply a two level enhancement. The district court did impose the enhancement which "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen . . . ." § 2K2.1, cmt. n. 8(B); see United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009). Since it is undisputed that the firearm in Saul's possession was stolen, the district court did not clearly err in imposing a two level enhancement under § 2K2.1(b)(4)(A).

Second, Saul argues the government did not prove the firearm was possessed or used "in connection with another felony offense." § 2K2.1(b)(6)(B). In light of

our decision in <u>United States v. Walker</u>, 771 F.3d 449, 451–53 (8th Cir. 2014), it was not clear error for the district court to find that Saul possessed the gun "in connection with" the felony offense defined in Iowa Code § 724.4(1).

Third, Saul claims that it was an abuse of discretion for the district court to deny his motion for a downward variance and that his resulting sentence is substantively unreasonable. Saul's motion was based on the same policy argument as in his objection to the stolen firearm enhancement. It was not an abuse of discretion to reject that argument. His motion was also based on mitigating factors which the sentencing court considered when fashioning the sentence. <u>See</u> <u>United States v. Salazar-Aleman</u>,741 F.3d 878, 881–82 (8th Cir. 2013) (concluding that sentence was not substantively unreasonable when district court had acknowledged mitigating evidence). After reviewing the district court record, we conclude the district court did not abuse its discretion when it imposed a 51 month sentence.

Because it was not clear error to impose the guideline enhancements and Saul's sentence is not substantively unreasonable, we affirm.

_____