# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1621

_____

United States of America

*Plaintiff - Appellee*

v.

Alfonso Faison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 10, 2018
Filed: March 21, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alfonso Faison appeals the 18-month sentence that the district court[1] imposed after revoking his second term of supervised release. He argues that the court erred

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

in finding that he had violated a condition of his supervised release and that his revocation sentence is unreasonable. We affirm.

In February 2014, Faison pleaded guilty to being an unlawful drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). He was sentenced to 18 months' imprisonment, to be followed by 3 years of supervised release. Faison began serving his first term of supervised release in May 2015.

In February 2016, the district court revoked Faison's supervised release after he violated multiple conditions of his release, including: use of a controlled substance, failure to comply with drug testing, association with persons involved in criminal activity, failure to follow probation instructions, travel without permission, failure to report law enforcement contact, and failure to submit monthly reports. The district court sentenced Faison to 6 months' imprisonment, to be followed by 2 years of supervised release. As a special condition of Faison's supervised release, he was to reside in a residential reentry center for up to 60 days and to abide by all rules and regulations of the facility.

In June 2016, Faison began serving his second term of supervised release at the Dubuque Reentry Center. Approximately one month later, the probation office filed a petition to revoke Faison's supervised release, claiming that Faison had used a controlled substance and had failed to comply with the center's rules. Faison admitted to using cocaine. In September 2016, the district court modified the conditions of Faison's release, requiring that he complete forty hours of community service, undergo a mental health evaluation and treatment, and reside in a residential reentry center for 90 days.

On October 20, 2016, Faison received permission to leave the center to search for a job. When he returned later that day, he brought with him a bag containing some of his personal belongings. Upon Faison's reentry into the center, staff seized

and searched his belongings out of his presence. They found a plastic bag containing a white powdery substance in a pocket of one of Faison's pants. The Dubuque Police Department conducted a field test on the substance, which tested positive for cocaine. Faison was thereafter charged in Iowa state court for knowingly bringing contraband into a correction institution in violation of Iowa Code section 719.7(3)(a). The state charge against him was later dismissed.

On February 21, 2017, the probation office filed a second petition to revoke Faison's supervised release based on the October 20, 2016, search. The second petition alleged that Faison had failed to comply with the center's rules, violated the law, and possessed a controlled substance.

During the revocation hearing, Faison admitted to using cocaine in November 2015, December 2015, January 2016, and August 2016, but denied having knowledge of the cocaine found in his bag. One of the center's residential officers, Garrett Frommelt, testified regarding the October 20 search and seizure of the cocaine.

The district court found that Faison's violations had been established by a preponderance of the evidence and determined that he had committed a Grade B violation under the United States Sentencing Guidelines (Guidelines) section 7B1.4(a), which requires mandatory revocation. See 18 U.S.C. § 3583(g). At the time of his sentencing, Faison's criminal history category was I, resulting in an advisory sentencing range of 4 to 10 months' imprisonment. The government and the probation office recommended an above-Guidelines range sentence.

The district court ultimately revoked Faison's supervised release and sentenced him to 18 months' imprisonment, with no supervised release to follow. The court explained that in addition to considering the factors set forth in 18 U.S.C. § 3553(a), it had also considered Faison's original sentence, the reasons for his first revocation,

his subsequent supervised release modification, his lack of honesty, and his recidivist drug behavior.

Faison first argues that the district court abused its discretion by revoking his supervised release based on the contested fact that he knowingly brought cocaine into the center. We review a district court's revocation of a defendant's supervised release for abuse of discretion, and the factual determinations regarding whether a violation occurred for clear error. United States v. Smith, 576 F.3d 513, 515 (8th Cir. 2009).

Faison contends that the government failed to prove his violation because it did not produce cocaine, tests showing that the substance was cocaine, or "any individual [who] seized or handled" the cocaine. We find this argument to be without merit. Frommelt testified that although he did not personally conduct the search, he was approximately five feet away while his colleague went through Faison's bag. The searching officer brought the suspected contraband to Frommelt, who cut through the plastic to expose the white powder and then contacted the police, whose field test showed that the substance was cocaine. In light of this evidence, together with Faison's history of cocaine use, the district court's findings that Faison had violated a condition of his supervised release was not clear error. See United States v. Salsberry, 825 F.3d 499, 502 (8th Cir. 2016) (stating that the district court did not clearly err when it relied on a field test, witness testimony, and the defendant's evasiveness as evidence of a violation of supervised release).

We also find no clear error in the district court's determination that Frommelt was a credible witness and that Faison was not. "[A] district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility." Id. at 501 (quotation omitted); United States v. Asalati, 615 F.3d 1001, 1006 (8th Cir. 2010) ("Credibility findings are 'virtually unreviewable on appeal.'" (quoting United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003))). In finding Faison's testimony unbelievable, the court considered

his behavior toward the officers during the hearing, his evasive answers when asked about the source of his cocaine, his prior drug use, and his prior record at the center. In light of Frommelt's credible testimony and the other evidence presented we conclude that the government established Faison's violations by a preponderance of the evidence. Asalati, 615 F.3d at 1006 ("A preponderance of the evidence means only that the fact finder believes that the existence of the fact is more probable than its nonexistence."). Accordingly, the district court did not abuse its discretion in revoking Faison's term of supervised release.

Finally, Faison argues that the district court abused its discretion by imposing a sentence greater than the advisory Guidelines range. United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009) (standard of review). When a sentence varies from the Guidelines range, we give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (stating that the district court need not make specific findings in revoking a sentence when the record shows that it was aware of the relevant factors). Faison's revocation sentence is not substantively unreasonable in light of his multiple violations of his conditions of supervised release, his new drug possession offense, his high risk of recidivism, and his history of noncompliance.

The judgment is affirmed.

_____