# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1812
_____

United States of America

*Plaintiff - Appellee*

v.

Jesse J. Waln

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: December 13, 2018
Filed: February 28, 2019
[Published]
_____

Before LOKEN and ERICKSON, Circuit Judges, and MAGNUSON,[1] District
Judge.

_____

MAGNUSON, District Judge.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota, sitting by designation.

A jury convicted Appellant Jesse J. Waln of two counts of possession of a stolen firearm, but acquitted him of three underlying burglary and larceny charges. The district court[2] sentenced him to 70 months' total imprisonment. Waln appeals his conviction and sentence, and for the following reasons, we affirm.

An Indictment charged Waln and four others with two counts of first-degree burglary and aiding and abetting, three counts of larceny and aiding and abetting, one count of possession of a stolen firearm, and one count of possession of a stolen firearm and aiding and abetting. The charges arose out of three burglaries on the Rosebud Indian Reservation—one in May 2016, and two in November 2016. The other four defendants, including Waln's brother Jeremiah, pled guilty.

Waln also pled guilty on the morning of trial to Counts I and II, which charged larceny and burglary in the May incident. After a three-day trial, the jury found Waln not guilty on the three counts charging larceny and burglary in the November incidents. The jury convicted Waln of the two counts of possession of a stolen firearm, however. One of these counts related to a Savage .204 caliber rifle stolen from the home of Beau Westover in one of the November incidents. The other related to a Benelli SuperNova 12 gauge shotgun also stolen from Westover's home in November. The district court denied Waln's motion for judgment of acquittal or a new trial on these counts.

At sentencing, the district court declined to apply the acceptance-of-responsibility reduction as to the counts that proceeded to trial, even though those counts were grouped with the counts to which Waln pled guilty. The district court found that Waln had not testified truthfully, so that the acceptance-of-responsibility credit was not warranted. The district court ultimately sentenced Waln to 30 months

---

[2] The Honorable Roberto Antonio Lange, United States District Judge for the District of South Dakota.

-2-

on the guilty-plea counts, 57 months on the two firearms counts, to be served concurrently with the exception of 13 months on the burglary count, which was to run consecutively to the other sentences. Waln received a total sentence of 70 months. The district court made clear that 70 months was the appropriate punishment for Waln, regardless of the applicable guidelines range.

Waln argues that the district court erred in denying the motion for acquittal or new trial and in failing to give him acceptance-of-responsibility credit. He also contends that the evidence was insufficient to convict him of possession with regard to the Savage rifle. He does not similarly challenge the sufficiency of the evidence with respect to his conviction for possession of the Benelli shotgun.

## A. Standard of Review

We review the denial of a motion for judgment of acquittal based on the sufficiency of the evidence de novo. United States v. Griffith, 786 F.3d 1098, 1102 (8th Cir. 2015). The court must "view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." United States v. Johnson, 745 F.3d 866, 869 (8th Cir. 2014) (quotation omitted). The court reviews a trial court's decision to admit expert witness testimony for an abuse of discretion. United States v. Evans, 272 F.3d 1069, 1094 (8th Cir. 2001).

The trial court's application of the Guidelines to the facts is reviewed de novo, and its factual findings are reviewed for clear error. United States v. Wiley, 350 F.3d 736, 738 (8th Cir. 2003).

-3-

**B.     Motion for Acquittal**

Waln challenges two aspects of the district court's denial of his motion for acquittal on the charge of possession of a stolen firearm, specifically the Savage rifle.

*1.     Interstate Commerce*

First, Waln contends that the district court erroneously allowed an expert witness to testify as to the interstate nexus component of the possession-of-a-stolen-firearm charge. Former ATF Agent Probst testified at trial that the Savage rifle was manufactured in Massachusetts and purchased by the individual from whom it was stolen, thus satisfying the interstate commerce element.

Rule 16 requires the Government to give a defendant, at the defendant's request, "a written summary of any [expert witness] testimony that the government intends to use . . . in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). Waln argues that he requested Rule 16 information but the Government did not give him notice that Agent Probst would be testifying as an expert witness.

"A defendant asserting reversible error under Rule 16(a)(1)(G) must demonstrate prejudice resulting from the district court's decision to admit the contested testimony." United States v. Kenyon, 481 F.3d 1054, 1062 (8th Cir. 2007). Waln does not challenge the substance of Agent Probst's testimony, and it is beyond dispute that the rifle in question had traveled in interstate commerce. Although Waln moved to exclude the evidence because of the Rule 16 violation, prejudice in this situation requires more than that the evidence could have been excluded. It requires that the error "was prejudicial to the substantial rights of the defendant." United States v. Pelton, 578 F.2d 701, 707 (8th Cir. 1978). Proving substantial prejudice is a "high hurdle." United States v. Jackson, 446 F.3d 847, 849 (8th Cir. 2006). Given the indisputable interstate-commerce nexus present here, Waln cannot establish

substantial prejudice, and there was no reversible error in the district court's decision on this issue.

## 2. *Sufficiency of the Evidence*

Waln next argues that the evidence was insufficient to convict him of Count VI, possession of the Savage rifle. One of Waln's co-defendants, Danielle Marissa White Eyes, testified at trial that she went with Waln to sell two guns to a person named Mark O'Leary. Waln intended to, and according to White Eyes did, exchange the guns for methamphetamine. O'Leary did not testify at Waln's trial, invoking his 5th Amendment rights. The investigating officer testified that he recovered the stolen Savage rifle from O'Leary. Waln testified and denied any involvement in the burglaries.

The crime of possession of a stolen firearm requires the jury to conclude that Waln knowingly possessed, received, concealed, stored, bartered, sold or disposed of firearm that was stolen and that Waln knew or had reasonable cause to believe was stolen, in addition to the interstate-commerce nexus discussed above. United States v. White, 816 F.3d 976, 985 (8th Cir. 2016); 18 U.S.C. § 922(j). The testimony of White Eyes and the officer is sufficient to convict Waln of possessing a stolen firearm. "A jury's credibility determinations are well-nigh unreviewable because a jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." United States v. Buchanan, 604 F.3d 517, 528-29 (8th Cir. 2010) (quotation omitted). The jury was entitled to believe White Eyes and disbelieve Waln. The district court's decision on this issue is correct.

## C. Sentencing

Waln's presentence investigation report recommended grouping the May and November burglaries under U.S.S.G. § 3D1.2(b) and (c), and further recommended

applying a two-level acceptance-of-responsibility reduction to Waln's total offense level. The district court declined to apply the acceptance of responsibility reduction to the counts related to the November burglary, so the reduction had no effect on Waln's total offense level.

"An error in calculating the guideline range would be a procedural error within the meaning of <u>Gall v. United States</u>." <u>United States v. Espinosa</u>, 539 F.3d 926, 928-29 (8th Cir. 2008). But Waln has not established any error in the calculation of his guideline range. The Guidelines require that "[a]ll counts involving substantially the same harm [] be grouped together," U.S.S.G. § 3D1.2, noting as relevant here that "substantially the same harm" means

> (a) When counts involve the same victim and the same act or transaction.
>
> (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
>
> . . . .
>
> (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

<u>Id.</u> The counts here did not involve the same victim or same act or transaction—the victims of the May burglary were different than the victims of the November burglaries, and there was no evidence that this was a continuing crime spree or a common scheme. Nor did the loss constitute any aggregate harm.

The district court correctly determined that the May burglary was separate from the counts arising from the November burglaries and that they need not be grouped

together. The sentencing transcript makes clear that the district court considered whether to apply the acceptance-of-responsibility reduction to a grouped offense level or to only the offense level for the May burglaries to which Waln pled guilty.

> [B]ut under these peculiar circumstances where [Waln] pleaded guilty to the two offenses, pleaded not guilty to the remainder, and then knowingly swore falsely, the Court does not believe that acceptance of responsibility should reduce the offense level calculation with respect to the two more major offenses involving the stolen firearms.

(Sentencing Tr. at 25-26.) The Guidelines provide that the district court must consider all relevant conduct when computing "the base offense level where the guideline specifies more than one base offense level." U.S.S.G. § 1B1.3(a). The district court did so here, and did not commit any procedural error.

Waln also argues in passing that the district court erred in applying an obstruction-of-justice enhancement. Waln contends that the application of this enhancement penalized him for exercising his constitutional right to testify in his own defense. "But it is not at all unusual for a defendant to receive an enhancement for obstruction of justice based on testimony that a district court finds perjurious." Adejumo v. United States, 908 F.3d 357, 364 (8th Cir. 2018). Indeed, the enhancement applies to "committing, suborning, or attempting to suborn perjury" and to "providing materially false information to a judge or magistrate judge." U.S.S.G. § 3C1.1 cmt. n.4(B), (F). The trial court here specifically found that Waln knowingly swore falsely, and therefore applied the enhancement. (Sentencing Tr. at 10-12.) There was no error.

The judgment of the district court is affirmed.

_____