# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2726

_____

United States of America

*Plaintiff - Appellee*

v.

John Henry Edmonds

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 15, 2019
Filed: April 15, 2019

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

John Henry Edmonds pled guilty to five counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The district court[1] sentenced Edmonds to concurrent terms of 80 months' imprisonment on each

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

count. Edmonds appeals, arguing the district court erred when it departed and varied upward from the advisory United States Sentencing Guidelines ("Guidelines" or "USSG") range. We affirm.

## I.   Background

Edmonds pled guilty to five counts of distributing a controlled substance. Each offense involved a controlled buy with the same confidential informant. The buys occurred in July and August 2017. The controlled substance Edmonds sold consisted of heroin with trace amounts of furanyl fentanyl, carfentanil, or both.

When calculating the applicable Guidelines range, the district court determined the offenses involved a total amount of 5.929 grams of a fentanyl analogue, which corresponded under the Guidelines to a base offense level of 18. Edmonds received credit for accepting responsibility and timely notification of his intent to change his plea, which resulted in a total offense level of 15. With 40 criminal history points, Edmonds was in Criminal History Category VI, which yielded a sentencing range of 41 to 51 months. The government moved for an upward variance based on the potency and dangerousness of carfentanil and furanyl fentanyl as well as an upward departure under USSG § 4A1.3 based on Edmonds' understated criminal history.

The district court granted both motions. It found a 15-month upward departure from the high end of the applicable Guidelines range was warranted due to Edmonds' criminal history and an 18-month upward variance was warranted because of the potency and societal impact of carfentanil and furanyl fentanyl. The court reduced the sentence it would have otherwise imposed by three months for the "hard time" Edmonds had served while these charges were pending and gave Edmonds credit for one month of time served in state custody. The court imposed an 80-month term of imprisonment on each count, to run concurrently. Edmonds timely appeals the sentences imposed.

## II. Discussion

Edmonds argues the district court improperly and unexpectedly doubled his sentence when it granted motions for an upward variance and an upward departure. Although Edmonds argued for a within-Guidelines sentence, he did not object after the court announced its findings regarding either the upward departure or the variance. Accordingly, we review for plain error.[2] United States v. Mees, 640 F.3d 849, 854 (8th Cir. 2011). "To establish plain error, [Edmonds] must show that there was error, that the error was plain, and that the error affected his substantial rights." Id. An error affects substantial rights if there is "a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009) (quoting United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005)).

We find no error in the district court's sentencing decisions. When deciding to depart upward due to Edmonds' extensive criminal history, the court did not consider merely the number of prior convictions or the points calculated according to the Guidelines. Instead, the court analyzed the seriousness of the crimes. In particular, the court noted the assault on an ex-girlfriend in 2011 that resulted in a no-contact order, which Edmonds violated 255 times within four months. The court also noted Edmonds' inability to remain law-abiding while on supervised release.

Our review of Edmonds' criminal history convinces us that the district court did not err when it increased Edmonds' sentence based on his lengthy and serious

---

[2]The result would be the same if we reviewed the Guidelines enhancements under the abuse-of-discretion standard. The district court considered the appropriate factors, committed no clear error of judgment in weighing the factors, and provided an adequate explanation for its sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (setting forth the factors in an abuse-of-discretion analysis).

criminal history. Edmonds was 35 years old. His adult criminal history included multiple convictions for assault, fleeing police officers, controlled substance offenses, driving under the influence as well as one burglary conviction. Edmonds also routinely violated the terms of probation or supervised release. We are satisfied the district court considered the appropriate factors and gave an adequate explanation for its decision to impose a 15-month upward departure from the advisory Guidelines range.

Turning to the upward variance, the court focused on the seriousness of the offenses, a factor set forth in 18 U.S.C. § 3553(a). The heroin Edmonds sold to a confidential informant was laced with carfentanil, furanyl fentanyl, or both. The Presentence Investigation Report ("PSIR") noted that between January and April, 2017 carfentanil had been attributed to 11 overdose deaths in the Minneapolis, Minnesota, metropolitan area. While Edmonds contested whether he was responsible for any deaths, he did not object to this portion of the PSIR. Likewise, Edmonds did not object to the portion of the PSIR that estimated fentanyl is 50 to 100 times more potent than morphine. By extrapolation, carfentanil is estimated to be 100 to 200 times more potent than fentanyl. The undisputed evidence established that Edmonds sold heroin on multiple occasions that contained fentanyl analogs unsafe for human consumption.

"The district court has wide latitude to weigh the § 3553(a) factors in each case and [to] assign some factors greater weight than others." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Absent the consideration of whether to give Edmonds credit for time spent in state custody and while being held in a state jail on these charges, the court explained that "anything less than 84 months will promote massive disrespect" and "not be a fair sentence." Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," Gall v. United States, 552 U.S. 38, 51 (2007), we conclude the court did

not plainly error in imposing an 18-month upward variance from the advisory Guidelines range.

Finally, as to Edmonds general challenge to the length of his sentence, we conclude the district court did not abuse its discretion by imposing a substantively unreasonable sentence. The concurrent terms of 80 months' imprisonment were within the district court's discretion to impose and reasonable on this record that contained undisputed evidence of Edmonds' extensive criminal history, his inability to remain law-abiding, and the seriousness and great risk of death caused by the sale of heroin laced with fentanyl or carfentanil.

## III. Conclusion

We affirm the judgment of the district court.

_____