# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1977

_____

United States of America

*Plaintiff - Appellee*

v.

Jaunte Lamar Berry, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern Division

_____

Submitted: April 19, 2019
Filed: July 22, 2019

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Jaunte Lamar Berry, Sr., appeals the sentence the district court[1] imposed after he pled guilty to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He challenges two aspects of his

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

U.S. Sentencing Guidelines ("Guidelines") range and the substantive reasonableness of his sentence. We affirm.

At sentencing, the district court made two Guidelines calculations that are relevant to Berry's appeal. First, the district court found under U.S.S.G. § 1B1.3 that Berry's uncharged drug activity in 2015 was part of a common scheme or plan with his charged drug activity in 2017 and part of the same course of conduct. Berry objected on several grounds, including that he was in prison for over a year between the two time periods. The district court overruled his objection. Second, the district court found under U.S.S.G. § 2D1.1(b)(15)(E) (2016) that the 2017 drug activity was "part of a pattern of criminal conduct engaged in as a livelihood." Berry had objected that evidence of the money he wired to pay for drugs only established his debts, not what he had received as "income," and could not satisfy the criteria necessary for the enhancement to apply. The district court overruled the objection, noting there was also evidence that Berry had large amounts of cash.

Based on these rulings, the district court calculated Berry's Guidelines range as 360 to 480 months of imprisonment. The district court then varied downward to a sentence of 300 months of imprisonment.

We review application of the Guidelines to the facts de novo. *United States v. Waln*, 916 F.3d 1113, 1115 (8th Cir. 2019). We review factual findings at sentencing for clear error. *Id.*

On appeal, Berry first challenges the relevant conduct determination under U.S.S.G. § 1B1.3 by arguing that his 2015 drug activity was too remote in time from his 2017 charge. Berry asks us to follow the Seventh Circuit's position on relevant conduct stated in *United States v. Purham*, 754 F.3d 411, 414 (7th Cir. 2014). In *Purham*, the Seventh Circuit made separate determinations regarding the "course of conduct" and the "common scheme or plan" components of relevant conduct. *See id.*

It held that evidence of merely transporting the same drug between the same cities on two different occasions was not sufficient to establish the same course of conduct when the relevant conduct was separated by more than a year. *See id.* It also held that such conduct does not constitute a common scheme or plan where it lacks "at least one common factor, such as 'common victims, common accomplices, common purpose, or similar modus operandi.'" *Id.* (quoting U.S.S.G § 1B1.3(a)(2) cmt. n.5(B)(i)).

Even if we followed the Seventh Circuit and imposed a remoteness test to determine whether the drug activity was part of the same course of conduct, the test would not help Berry because the Seventh Circuit's test for a finding of a common scheme or plan matches the evidence against Berry. In particular, evidence at sentencing shows common accomplices (two cousins) assisted Berry in distributing methamphetamine in both 2015 and 2017. Berry protests that relatives should not be considered common accomplices, but he cites no authority for that point, and we see no reason to create a relatives exception to the test for common accomplices. Thus, the district court did not clearly err by finding that the 2015 drug activity was part of the same course of conduct as the 2017 charged conduct.

Second, Berry challenges the criminal livelihood enhancement by arguing that the $22,000 he wired to California for drugs was not income. The Guidelines recommend a two-level enhancement if "the defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood." U.S.S.G. § 2D1.1(b)(15)(E) (2016). The term "engaged in as a livelihood" is defined as follows: "(A) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (B) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period." *Id.* § 4B1.3 cmt. n.2; *see id.* § 2D1.1 cmt. n.20(C). The federal minimum wage was $7.25 during the relevant time period. 29 U.S.C. § 206(a). Accordingly,

the government needed to show that Berry derived more than $14,500 in income from his drug activity to prove the enhancement applied.

Although we have not previously adopted a definition for income, we believe the term refers to *gross* income, not *net* income. *See United States v. Gordon*, 852 F.3d 126, 131 (1st Cir. 2017). First, the definition is linked to the minimum wage, *see* U.S.S.G. § 4B1.3 cmt. n.2, which is a gross income figure itself. Second, we think that a substantial cash flow from criminal activity is sufficient evidence to satisfy the "income" requirement. We see no value in rewarding a defendant who may have poor profit margins on his criminal activity. The enhancement is for engaging in criminal conduct as a livelihood, not for becoming wealthy from criminal conduct.

Applying that definition, we see no clear error in the district court's decision below. The district court found that Berry wired $22,000 for drugs in a single year, that he had no significant legitimate employment, and that evidence suggested he had other large amounts of cash on hand. Because the record indicates that Berry derived the vast majority of these funds from his drug sales, the district court's conclusion that these funds satisfied the income requirement could not be clearly erroneous under a gross income standard. Berry does not challenge that drug activity was his primary occupation. Accordingly, we hold the district court did not err in applying the criminal livelihood enhancement.

Finally, Berry challenges the substantive reasonableness of his sentence by arguing it failed to account for his "long history of drug addiction, his lack of prior drug-related convictions, and the fact that he has never received a sentence longer than 6 months." We review substantive reasonableness for abuse of discretion. *See United States v. Waters*, 883 F.3d 1022, 1028 (8th Cir. 2018). A sentencing court abuses its discretion "when it . . . fails to consider a relevant factor that should have received significant weight . . . [or] gives significant weight to an improper or

irrelevant factor." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009), *vacated*, 562 U.S. 1267 (2011)). At sentencing, the district court acknowledged "the impact [methamphetamine] . . . had on [his] life" and that Berry's prior convictions were "for things that are not nearly as serious as this [crime]." It then varied downward from the Guidelines, basing the variance on Berry's fairly young age and lack of a prior "extremely long sentence." Under our standard of review, this consideration is sufficient.

For the foregoing reasons, we affirm.

_____