# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2023

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Tobias-Haywood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2020
Filed: April 7, 2020
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Anthony Tobias-Haywood pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

district court[1] sentenced Tobias-Haywood to 60 months of imprisonment. Tobias-Haywood now appeals this sentence, arguing the district court committed both procedural and substantive errors. We affirm.

In May of 2018, St. Louis Missouri Metropolitan Police Department officers observed Tobias-Haywood driving a silver Mercedes-Benz matching the description of a vehicle reported stolen a few days prior. Officers attempted to halt the vehicle by deploying spike strips, but it accelerated away. Eventually, the vehicle stopped and the occupants, including Tobias-Haywood, exited and continued to flee on foot. Tobias-Haywood was soon found in a bush with a satchel containing a handgun loaded with 31 rounds of ammunition and an extended magazine. He was placed under arrest and admitted to knowingly possessing the firearm.

Tobias-Haywood first argues the district court erred by failing to provide an adequate explanation for the sentence imposed and relying solely on his criminal history. Because Tobias-Haywood raises the issue of procedural error for the first time on appeal, we review for plain error. *United States v. Linderman*, 587 F.3d 896, 899 (8th Cir. 2009).

Under the Supreme Court's precedent in *Rita v. United States*, the sentencing court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." 551 U.S. 338, 356 (2007). Here, the district court provided a thorough explanation of its reasoning including reference to the § 3553(a) factors — specifically considering Tobias-Haywood's difficult upbringing, criminal history, the conduct of this offense, and the sentencing objectives of "just punishment, general deterrence, and incapacitation." While it is true the district court did not provide a

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

complete recitation of the § 3553(a) factors, this is not required. *United States v. Zayas*, 758 F.3d 986, 990 (8th Cir. 2014). The district court adequately explained the considerations it weighed in order to demonstrate that it had a reasoned basis for the sentence imposed.

Tobias-Haywood next argues the district court substantively erred by assigning too much weight to his criminal history and too little weight to other factors. "A sentencing court abuses its discretion 'when it . . . fails to consider a relevant factor that should have received significant weight . . . [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) (alterations in *Berry*) (quoting *United States v. Feemster*, 572 F.3d 445, 461 (8th Cir. 2009) (en banc)). A review of the entire record establishes that the district court imposed a substantively reasonable sentence. This is true even though it was an upward variance from the Guidelines range. The district court weighed Tobias-Haywood's personal history and characteristics, a letter in support of Tobias-Haywood, his "horrible" and "completely out of control" criminal history, and the troubling circumstances of the instant conviction. The district court's evaluation of the factors was within the "wide latitude" afforded to sentencing courts to "weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Gasaway*, 684 F.3d 804, 808 (8th Cir. 2012) (quoting *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011)). This is not the "unusual case" where we will reverse for substantive unreasonableness. *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) (quoting *Feemster*, 572 F.3d at 464).

For the foregoing reasons, we affirm Tobias-Haywood's sentence.

_____