# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3543

_____

United States of America

*Plaintiff - Appellee*

v.

Frank Edward Adams, also known as Tank Adams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: November 19, 2020
Filed: March 22, 2021
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, Frank Adams was convicted of conspiring to distribute
500 grams or more of a mixture or substance containing methamphetamine. *See* 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. The district court[1] sentenced him to 360 months in prison. We affirm both his conviction and sentence.

The challenge to Adams's conviction begins with the sufficiency of the evidence, which we review de novo after construing the evidence "in favor of the verdict." *United States v. Maloney*, 466 F.3d 663, 666 (8th Cir. 2006). The evidence in this case was overwhelming. A total of *16* witnesses testified against him, including five who were directly involved in the drug conspiracy itself. Several said they personally sold drugs for Adams. Standing alone, this evidence was more than sufficient to show that the conspiracy existed and that he was a part of it. *See United States v. Conway*, 754 F.3d 580, 587 (8th Cir. 2014) ("[E]vidence at trial that consists primarily of testimony from other members of the conspiracy may suffice to establish defendant's guilt.").

It does not matter that there were no controlled buys, wiretaps, or other "hard" evidence. *See id.*; *see also United States v. Coplen*, 533 F.3d 929, 931 (8th Cir. 2008) (noting that we "have repeatedly upheld jury verdicts based *solely* on the testimony of co-conspirators and cooperating witnesses" (emphasis added) (quotation marks omitted)). Nor does it make any difference that Adams now tries to cast doubt on the credibility of numerous witnesses. In the end, the jury found them credible, and we are in no position to disagree. *See United States v. Mayfield*, 909 F.3d 956, 963 (8th Cir. 2018) ("[T]he jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." (internal quotation marks omitted)).

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

Given the overwhelming evidence, we further conclude that the admission of text messages, letters, and recorded jail phone calls with a co-conspirator did not affect Adams's "substantial rights or ha[ve] more than a slight influence on the verdict." *United States v. Halk*, 634 F.3d 482, 488 (8th Cir. 2011) (quotation marks omitted); *see United States v. Lindsey*, 702 F.3d 1092, 1100 (8th Cir. 2013). Neither the letters nor the phone calls were particularly inculpatory. And even if the text messages were, we are confident that any error in admitting them did not "affect[] the outcome." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted) (applying plain-error review). The evidence against Adams was so overwhelming that he would have been convicted either way.

The challenges to Adams's sentence fare no better. *See United States v. Berry*, 930 F.3d 997, 999 (8th Cir. 2019) ("We review application of the Guidelines to the facts de novo . . . [and] factual findings at sentencing for clear error."). First, the district court did not clearly err in attributing between 1.5 and 5 kilograms of methamphetamine to him based on the presentence investigation report, which reflected the testimony of *eight* witnesses. *See United States v. Sainz Navarrete*, 955 F.3d 713, 720 (8th Cir. 2020) (explaining that "the testimony of co-conspirators may be sufficiently reliable evidence upon which the court may base its drug quantity calculation for sentencing purposes" (quotation marks omitted)).

Second, the district court had plenty of reason to impose a two-level enhancement for an offense "committed . . . as part of a pattern of criminal conduct engaged in as a livelihood." U.S.S.G. § 2D1.1(b)(15)(E) (2016). The court found, again based on witness testimony, that Adams was not "actually . . . running some . . . legitimate business[] that in any way rivaled [his] income from methamphetamine distribution," which included over $300,000 from the sales made by just one co-conspirator alone. *See Berry*, 930 F.3d at 999. Besides, with or without the enhancement, Adams's recommended range under the Sentencing Guidelines was the same, meaning that any error would be harmless. *See United States v. Bah*, 439 F.3d 423, 431 (8th Cir. 2006).

We accordingly affirm the judgment of the district court.[2]

_____

---

[2]We also grant the pending motion to strike the portion of the government's non-conforming Rule 28(j) letter that exceeds 350 words.